IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kenneth L. Holbert, Jr., | Civil Action No. 6:11-2846-HMH-KFM |
| Plaintiff, | |
| vs. | **REPORT OF MAGISTRATE JUDGE** |
| Greenville Technical College, | |
| Defendant. | |

This matter is before the court on the defendant's motion to dismiss (doc. 23). In his complaint, the plaintiff, who is proceeding *pro se*, alleges a claim for disability discrimination in violation of the Americans with Disabilities Act ("ADA") against his former employer.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

On January 19, 2012, the defendant filed a motion to dismiss. On January 20, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response on February 24, 2012, and the defendant filed a reply on March 5, 2012. The plaintiff filed a sur-reply on March 14, 2012, and an amended sur-reply on March 16, 2012.

## FACTS PRESENTED

The plaintiff alleges as follows in his complaint:

I was disabled from 6-6-2005 thru 12-21-2010. I was allowed to work with accommodations until I went out for back surgery in 8-2006. A new HR Director was hired and I was not allowed

> to return to work. I won a disability appeal retroactively to 6-2006 which was partially funded by the college. I should be given the chance to receive own occupation SC Retirement benefits and made whole due to Greenville Tech's mistakes. The disability affected my legal capacity to file a lawsuit or other legal resolutions. It was a severe reaction to medication for an illness. *See* EEOC charge # 436-2011-00019.

(Comp. at 2-3).

The plaintiff attached the following documents to the complaint: (1) Charge of Discrimination Number 436-2011-00527, dated May 5, 2011; (2) Dismissal and Notice of Rights, dated July 21, 2011; (3) Information Related to Filing Suit Under the Laws Enforced by the Equal Employment Opportunity Commission ("EEOC"); (4) Charge of Discrimination Number 436-2008-00019, dated October 11, 2007[1]; (5) and (6) Captions of an appeal to South Carolina Court of Appeals from Administrative Law Court Case No. 08-ALJ-30-0061-AP; and (7) Certification of Counsel for Appellant regarding Case No. 08-ALJ-30-0061-AP (doc. 1-1).

In EEOC Charge Number 436-2011-00527 , the plaintiff alleges as follows:

> I was employed by Greenville from January 2000 to January 12, 2007 until I was discharged by Greg Cann, Human Resource Director.
>
> I was cleared by my physician to return to work with light duty. When I returned I was informed by Mr. Cann that I would not be allowed light duty. I know of other personnel who were allowed to return to work with a physician's note of light duty. My physician attempted numerous times to return me to work, however I was terminated. I have been before the State

---

[1] As pointed out by the defendant, the plaintiff fails to plead any facts that would support a finding that he exhausted his administrative remedies as to this charge. As such, it would appear that he brings the instant action pursuant to the EEOC Charge Number 436-2011-00527, dated May 5, 2011.

2

> employment grievance committee and provided information that Mr. Cann could have accommodated my request of light duty.
>
> I believe I have been discriminated against in violation of the American Disabilities Act of 1990, as amended.

(Doc. 1-1). Additionally, the plaintiff checked the "disability" discrimination box and set forth August 1, 2006, as the earliest date on which discrimination allegedly occurred and January 12, 2007, as the latest date. The plaintiff signed Charge Number 436-2011-00527 on May 5, 2011, under penalty of perjury.

On July 21, 2011, the EEOC issued the plaintiff a Dismissal and Notice of Rights for Charge Number 436-2011-00527, which provides for dismissal of the charge on the following basis, "Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge" (doc.1-1). On October 19, 2011, 90 days from the date on which the EEOC issued its Dismissal and Notice of Rights, the plaintiff filed the complaint in the instant action.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).

Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Furthermore, a complaint is insufficient if it provides bare assertions lacking additional factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 555). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

On a Rule 12(b)(6) motion to dismiss, a court considers documents "attached to the complaint, as well as those [documents] attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). Courts may also take judicial notice of matters of public record. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, liberal construction does not require a court to ignore failures in the complaint to allege facts necessary to establish a claim or to "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The defendant argues that the plaintiff's case is time barred because the plaintiff failed to file a charge of discrimination within 300 days after the alleged unlawful employment practice. This court agrees.[2] The ADA prohibits "discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541

---

[2]Because the court concludes the plaintiff's ADA claim is time barred, the remaining arguments raised in the defendant's motion will not be addressed.

4

U.S. 509, 516–517 (2004). *See* 42 U.S.C. §§ 12111–12117 (Title I); 42 U.S.C. §§ 12131–12165 (Title II); 42 U.S.C. §§ 12181–12189 (Title III). To maintain an action under Title I of the ADA, as the plaintiff attempts here, a plaintiff must file an administrative charge with the EEOC. 42 U.S.C. § 12117(a). Administrative charges must be filed within 180 days after the alleged unlawful employment practice; however, this period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency. *Id.* § 2000e-5(e)(1); *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). South Carolina is a "deferral state," and hence charges of discrimination must be filed within 300 days of the alleged discriminatory action. S.C. Code Ann. § 1-13-10, *et seq*. Failure to file a charge of discrimination within the specified time period results in the claim being time-barred in federal court and consequently not actionable. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

Here, Charge Number 436-2011-00527, which forms the basis of this complaint, was filed with the EEOC on May 5, 2011. The charge alleges discriminatory treatment on the basis of disability when the plaintiff's request for light duty was denied and when his employment with the defendant ended on January 12, 2007. Further, the charge provides August 1, 2006, as the earliest date on which the plaintiff believes he was discriminated against and January 12, 2007, as the latest date on which the discrimination allegedly occurred. Thus, the plaintiff was required to file a charge of discrimination within 300 days of this alleged discriminatory action, that is by November 8, 2007. Here, the plaintiff filed the relevant charge on May 5, 2011, nearly four years and four months after the alleged discriminatory action on his last day of employment with the defendant.

In his complaint, the plaintiff alleges, "The disability affected my legal capacity to file a lawsuit or other legal resolutions. It was a severe reaction to medication for an illness" (comp. at 3). In his opposition to the motion to dismiss, the plaintiff argues that his claim is not time barred because 1) he filed his complaint within 300 days after he "became

5

aware of the success of his State ADA qualifying appeal for Supplemental Long Term Disability . . ." (resp. m. to dismiss at 3); and 2) the time period should be equitably tolled due to his prednisone induced mania, attention deficit hyperactivity disorder ("ADHD"), and a finding by a supplemental disability insurance company that he lacked legal capacity from March 14, 2007, through September 9, 2007 (*id.* at 4-8).

As to the plaintiff's first argument, the relevant statute states that administrative charges must be filed within 300 days *after the alleged unlawful employment practice.* 42 U.S.C. § 2000e-5(e)(1) (emphasis added). The law is well settled that the accrual of the limitation period for discrete acts, such as termination, begins on the date the act "happened." *National R.R. Passenger Corp.*, 536 U.S. at 110. Furthermore, the plaintiff concedes that, during the relevant period, he actively participated in a grievance of his separation of employment with the defendant, including meeting grievance appeal deadlines and attending grievance proceedings (resp. m. to dismiss at 7). As such, the plaintiff admits that he was aware of the alleged discriminatory acts when he initiated the grievance of his separation of employment on January 25, 2007 (*id.* at 6).

The time period for filing a charge of discrimination is subject to equitable doctrines, including tolling or estoppel. Supreme Court precedent provides that these doctrines are to be "applied sparingly." *National R.R. Passenger Corp.*, 536 U.S. at 113 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (per curiam)). "[E]quitable tolling is available only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *U.S. v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). Thus, to receive equitable tolling of a time-barred claim, the petitioner must show the following: "(1) extraordinary circumstances; (2) beyond his control or external to his own conduct; (3) that

6

prevented him from filing on time." *Id*. "[I]gnorance of the law is not a basis for equitable tolling." *Id*.

Moreover, "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *Id*. at 513. Profound mental incapacity has been found in exceptional circumstances such as institutionalization or adjudged mental incompetence. *Id. See also Lewis v. Eagleton*, No. 4:09-cv-2881-GRA-TER, 2010 WL 1903985, at *3 (D.S.C. April 26, 2010) (noting in habeas case that "equitable tolling for mental disabilities should only be granted in cases of profound mental incapacity"); *Milam v. Nicholson*, No. 5:07-cv-00609, 2009 WL 159302, at *3 (S.D. W.Va. Jan. 20, 2009) (finding that ADA plaintiff's PTSD and depression did not constitute "profound mental impairment" so as to be grounds for equitable tolling). In *U.S. v. Sosa*, the Fourth Circuit declined petitioner's request for tolling the statute of limitations where the petitioner had not alleged that his mental condition (schizoaffective disorder and generalized anxiety disorder) rose to the level of exceptional circumstances discussed above and lacked exceptional circumstances in light of petitioner's diligence in seeking to vacate or modify his sentence. 364 F.3d at 513.

Here, the plaintiff has not alleged or pled any facts that show that his mental condition rose to the level of exceptional circumstances articulated in *Sosa*. Specifically, the plaintiff has not alleged or shown that he was institutionalized or adjudged mentally incompetent by a court of competent jurisdiction. Moreover, the plaintiff concedes that, during the relevant period, he actively participated in an appeal of his separation of employment with the defendant, including meeting appeal deadlines and attending appeal proceedings (resp. m. to dismiss at 6-7). This court takes judicial notice of the order of the State of South Carolina Administrative Law Court ( "ALC") filed February 24, 2009, for case number 08-ALJ-30-0061-AP (m. to dismiss, ex. 1). The order provides in pertinent part:

7

> When Holbert did not return to work on January 12, 2007, his employment was terminated . . . .
>
> Thereafter, Holbert initiated review of his termination by the College through its internal grievance process. Specifically, he sought review with Dr. Thomas E. Barton, Jr. . . . , President of the College. Dr. Barton affirmed the decision to terminate Holbert. After Holbert was informed of Dr. Barton's decision, he appealed to Dr. Barry W. Russell . . . , President of the South Carolina Technical College System, who also upheld the decision to terminate Holbert's employment.
>
> Based on the decision terminating his employment, Holbert sought review of the agency's final decision with the State Human Resources Director. Pursuant to the provisions of S.C. Code Ann. § 8-17-330, the matter was forwarded to the [State Employee Grievance] Committee for a hearing. On August 30, 2007, Holbert and South Carolina State Board for Technical and Comprehensive Education participated in a hearing before the [State Employee Grievance] Committee. Based upon the documentation and testimony presented at the hearing, the [State Employee Grievance] Committee issued a decision on September 19, 2007 upholding [Greenville Technical] College's decision to terminate Holbert. On November 12, 2007, Holbert requested the Commission to reconsider its decision which the [State Employee Grievance] Committee denied on January 4, 2008. On January 5, 2008, Holbert filed a notice of appeal with [the] [ALC] challenging the decision terminating his employment with [Greenville Technical] College.

(M. to dismiss, ex. 1). Further, the plaintiff attached to his complaint a copy of the caption of the appeal to the South Carolina Court of Appeals from the above referenced ALC case, as well as a Certification of Counsel for Appellant for the ALC case (doc. 1-1). As discussed above, the plaintiff was required to file the charge of discrimination by November 8, 2007. During the time period between the adverse employment action (January 12,

2007) and the date by which he was required to file the charge of discrimination (November 8, 2007), the plaintiff's diligence and active participation in the grievance process and his appeal challenging his separation of employment shows an absence of extraordinary circumstances supporting tolling the statute of limitations. As such, the plaintiff cannot meet the profound mental incapacity standard articulated by the Fourth Circuit, and the complaint should be dismissed as time-barred. *See Hills v. Praxair, Inc.*, No. 11-cv-678S, 2012 WL 1935207, at *12 (W.D.N.Y. May 29, 2012) (finding that the time period for the plaintiff's ADA claim was not subject to equitable tolling due to his medical and mental conditions where the plaintiff was able to pursue other legal remedies during relevant time period).

Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 23) should be granted.

IT IS SO RECOMMENDED.

June 27, 2012  
Greeniville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.