IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kenneth L. Holbert, Jr., | ) | C.A. No. 6:11-2846-HMH-KFM |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Greenville Technical College, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Kenneth L. Holbert, Jr. ("Holbert") alleges that the Defendant violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.  Magistrate Judge McDonald recommends granting the Defendant's motion to dismiss.

Holbert filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the

---

[1] The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1)(2006).

1

magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Holbert's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Holbert objects to the magistrate judge's conclusion that his case is time barred because he failed to file his discrimination charge within 300 days of the alleged unlawful employment act and that equitable tolling does not apply to toll the 300-day time period for filing the discrimination charge. (Objections, generally.) These objections are without merit.

Holbert attached to his complaint the discrimination charge that he filed on May 11, 2011 with the Equal Employment Opportunity Commission ("EEOC"). In the charge, Holbert alleges discrimination beginning at the earliest on August 1, 2006, and ending on January 12, 2007. Holbert alleges that he filed the charge within 300 days of learning that his "State ADA qualifying appeal for Supplemental Long Term Disability" had been successful. (Pl. Mem. Opp'n Mot. Dismiss 3.) Further, in his objections, Holbert alleges that there have been three new "unlawful incidences" by the Defendant since January 2007. (Objections 4-5.) However, the allegedly new unlawful conduct is unrelated to the alleged charge of discrimination.[2] (Id. at 4.)

"The basic limitations period is 180 days after the alleged unlawful employment practice. However, the limitations period is extended to 300 days when state law proscribes the alleged

---

[2] Holbert alleges that he learned in August 2010 that the Defendant had improperly calculated his leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., during 2006 and 2007.

employment practice and the charge has initially been filed with a state deferral agency. . . ." Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 439 (4th Cir. 1998), overruled on other grounds by, Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002). Holbert was required to file the discrimination charge within 300 days of the unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1) (noting that 180-day time period is extended to 300 days where state is a deferral state). South Carolina is a deferral state. Holbert filed the discrimination charge over four years after the alleged discriminatory acts of the Defendant. Thus, Holbert failed to file the charge within the 300-day time period.

In addition, Holbert argues that he is entitled to equitable tolling of the 300-day time period because he filed the charge within 300 days of the success of his state ADA qualifying appeal and he lacked legal capacity to timely file his discrimination charge due to ADHD, prednisone induced mania, and the supplemental disability insurance company's finding that he lacked legal capacity from March 14, 2007 through September 9, 2007. (Pl. Mem. Opp'n Mot. Dismiss 4-8.) Holbert submits that his physicians have indicated that he lacked legal capacity from 2005 through 2010. (Objections 6.) Further, Holbert alleges that the fact that he only recently learned that he was not terminated and is "currently on a leave of absence" from the Defendant supports his claim for equitable tolling. (Id. at 8.)

Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct,

(3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). "Allegations of even serious mental illness or physical injuries are not sufficient to warrant invocation of equitable tolling unless petitioner also demonstrates how these conditions constituted an extraordinary circumstance that prevented him from filing a timely petition." Wilson v. VA D.O.C., No. 7:09CV00127, 2009 WL 3294835, at *4 (W.D. Va. Oct. 13, 2009) (unpublished).

In Sosa, the Fourth Circuit found that "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." 364 F.3d at 513 (citing Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (equitable tolling based on mental condition appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence"). The Fourth Circuit found that the defendant was not entitled to equitable tolling in part because the defendant's "diligence in seeking to vacate or modify his sentence indicates quite clearly that his is not an extraordinary case." Id.

As outlined by the magistrate judge, Holbert participated in his appeal of the Defendant's employment decision through the internal grievance process throughout 2007 and 2008. The deadline for filing his discrimination charge was November 8, 2007. There is no evidence that Holbert has been institutionalized or been found mentally incompetent by a court during this time period. Moreover, Holbert waited three and a half years after the deadline to file the discrimination charge.

The court takes judicial notice of the February 24, 2009, order of the South Carolina Administrative Law Court, case number 08-ALJ-30-0061-AP, which outlines the procedural

4

history of the case and reflects Holbert's active participation in the appeals process. (Def. Mem. Supp. Mot. Dismiss Ex. 1 (Order).) Holbert has failed to allege facts to show that he suffered from profound mental incapacity that prevented him from filing a timely charge of discrimination. Based on the foregoing, Holbert is not entitled to equitable tolling of the time period. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendant's motion to dismiss, docket number 23, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 18, 2012

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.